Ameer Benno, Esq.
BENNO & ASSOCIATES P.C.
30 Wall Street, 8th Floor
New York, NY 10005
Tel.: (212) 227-9300
abenno@ameerbenno.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS WILLIAMS, <br><br> Plaintiff, <br><br> vs. <br><br> THE CITY OF NEW YORK, POLICE OFFICER AMBER LAGRANDIER (SHIELD # 5373), SERGEANT FREDDY YNOA, SERGEANT DARNELL SIMON, AND "JOHN DOES 1-10," (names being fictitious and presently unknown and intended to be the law enforcement personnel involved in detention, battery, searches, arrest, imprisonment and prosecution of plaintiff), <br><br> Defendants. | 15-CV-1089 (JBW) (RER) <br><br> **FIRST AMENDED COMPLAINT** <br><br> **JURY TRIAL REQUESTED** |

Plaintiff, by his attorneys, BENNO & ASSOCIATES P.C., complaining of Defendants, alleges as follows, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff also asserts claims under New York law.

## JURISDICTION

2. The Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C §§ 1331, 1343(a), (3), and (4).

FIRST AMENDED COMPLAINT - 1

3. This Court may also exercise supplemental jurisdiction over the plaintiff's state law claims that arise from the same facts and circumstances under 28 USC § 1367.

## JURY TRIAL DEMANDED

4. Plaintiff demands trial by jury of all issues properly triable thereby.

## VENUE

5. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## THE PARTIES

6. Plaintiff THOMAS WILLIAMS is a United States citizen and a citizen of the City and State of New York.

7. That at all times herein mentioned, defendant CITY OF NEW YORK (hereinafter "CITY") was and is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

8. That at all times herein mentioned, defendant CITY operated, controlled and maintained a police force known as the New York Police Department ("hereinafter "NYPD").

9. That at all times herein mentioned, defendant P.O. AMBER LAGRANDIER (hereinafter, "LAGRANDIER") was and is an NYPD officer employed by defendant CITY.

10. That at all times herein mentioned, defendant LAGRANDIER was acting within the course and scope of her employment with defendant CITY.

11. That at all times herein mentioned, defendant LAGRANDIER was acting under color of state law.

FIRST AMENDED COMPLAINT - 2

12. Defendant LAGRANDIER is sued herein in both her individual and official capacities.

13. That at all times herein mentioned, defendant SGT. FREDDY YNOA (hereinafter, "YNOA") was and is an NYPD officer employed by defendant CITY.

14. That at all times herein mentioned, defendant YNOA was acting within the course and scope of his employment with defendant CITY.

15. That at all times herein mentioned, defendant YNOA was acting under color of state law.

16. Defendant YNOA is sued herein in both his individual and official capacities.

17. That at all times herein mentioned, defendant SGT. DARNELL SIMON (hereinafter, "SIMON") was and is an NYPD officer employed by defendant CITY.

18. That at all times herein mentioned, defendant SIMON was acting within the course and scope of his employment with defendant CITY.

19. That at all times herein mentioned, defendant SIMON was acting under color of state law.

20. Defendant SIMON is sued herein in both his individual and official capacities.

21. That at all times herein mentioned, defendants JOHN DOES 1 through 10 were and are NYPD officers employed by defendant CITY.

22. That at all times herein mentioned, defendants JOHN DOES 1 through 10 were acting within the course and scope of their employment with defendant CITY.

23. That at all times herein mentioned, defendants JOHN DOES 1 through 10 were acting under color of state law.

FIRST AMENDED COMPLAINT - 3

24. The names "JOHN DOES 1 through 10" are fictitious, as these defendants' true names are presently unknown.

25. These defendants are intended to be the law enforcement personnel involved in the detention, searches, arrest, and imprisonment of plaintiff.

26. That defendants JOHN DOES 1 through 10 are sued herein in both their individual and official capacities.

27. That at all times herein mentioned, defendant CITY was under an obligation to use reasonable care in the hiring, training, retention, and supervision of its employees, including, without limitation, defendants LAGRANDIER, YNOA, SIMON, and JOHN DOES 1-10.

28. At all relevant times herein, the individual defendants acted jointly and in concert with each other.

29. Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants, but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

**STATEMENT OF FACTS**

30. The facts stated in this complaint are based, inter alia, on the personal knowledge of plaintiff regarding events in which he was directly involved and upon information and belief. The sources of "information and belief" factual statements are primarily documents from the underlying criminal prosecution and related public documents which are currently available to plaintiff. Those sources are incomplete, particularly, without limitation, as to numerous documents and court exhibits. This complaint is drawn without the benefit of full discovery proceedings.

FIRST AMENDED COMPLAINT - 4

31. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

32. On January 17, 2014 at approximately 9:30 p.m., at his home located at 594A Jefferson Avenue Brooklyn, NY 11221, plaintiff was falsely arrested by defendants.

33. Plaintiff was lawfully present in his home when defendants made this arrest.

34. Plaintiff was then handcuffed and searched by Defendants, who used more force than was reasonably necessary to conduct the search.

35. Plaintiff was forcibly shoved into the back of a police car, taken to a police precinct, and brought to a holding cell where he was unlawfully imprisoned for an extended period of time.

36. Plaintiff was then transported to Central Booking where he was searched again, and put in a cell where he remained falsely imprisoned for an extended period of time.

37. While plaintiff was unlawfully imprisoned, defendants knowingly relayed false allegations against plaintiff that they had devised to the Kings County District Attorney's Office, which used that information to draft a criminal court complaint against plaintiff.

38. Thereafter, defendants signed said criminal court complaint, which, based on the fabricated information that defendants had provided to the District Attorney's Office, charged plaintiff with one count of Criminal Contempt in the Second Degree.

39. Plaintiff did not commit any of the offenses with which he was charged, nor did he commit any offense or engage in any unlawful conduct on January 17, 2014; nor did any police officer observe plaintiff do so.

40. Defendant LAGRANDIER signed the criminal court complaint, thereby swearing to the veracity of its allegations, under penalty of perjury, despite her knowing that there was no truth to those allegations whatsoever, that the allegations against plaintiff were false and completely fabricated, that there was never any legal basis to have detained or arrested plaintiff, and that there was no legal basis to prosecute him.

41. All defendants conspired to lodge these false allegations against plaintiff and initiate a prosecution against him for an offense(s) they knew he did not commit.

42. Defendants made these false allegations against plaintiff with actual malice, and out of spite and ill will, and with retributive purpose.

43. Defendants engaged in the above-described conduct intentionally and/or with deliberate indifference to plaintiff's constitutional and civil rights.

44. Thereafter, plaintiff was arraigned on that criminal court complaint under Kings County Docket Number 2014KN004535.

45. Plaintiff pleaded not guilty to all counts, and was released on his own recognizance.

46. Plaintiff thereafter was required on several occasions to appear in court to defend against the false criminal charge that had been lodged against him.

47. All defendants acted in concert to lodge these false allegations against plaintiff and initiate a prosecution against him for an offense they knew he did not commit.

48. Defendants made these false allegations against plaintiff with actual malice, and out of spite and ill will, and with retributive purpose.

49. Defendants engaged in the above-described conduct intentionally and/or with deliberate indifference to plaintiff's constitutional and civil rights.

FIRST AMENDED COMPLAINT - 6

50. The prosecution of plaintiff continued until approximately July 17, 2014, at which time all charges against plaintiff were dismissed.

51. As a result of the foregoing, plaintiff sustained, <u>inter</u> <u>alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, economic loss, and deprivation of his constitutional rights.

52. The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
LAGRANDIER, YNOA, SIMON, AND DOES 1-10**

**(False Arrest/Imprisonment Claim Under 42 U.S.C. § 1983)**

53. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

54. Defendants, while acting in concert and within the scope of their employment and authority, and without a warrant, seized plaintiff, forcibly put plaintiff into handcuffs, placed plaintiff under arrest without any reasonable cause to believe that plaintiff had committed, was committing, or was about to commit any offense, and caused plaintiff to be imprisoned and incarcerated at various facilities, and thereby deprived plaintiff of his rights, liberties, and freedoms under color of state law, including plaintiff's right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

FIRST AMENDED COMPLAINT - 7

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS LAGRANDIER, YNOA, SIMON, AND DOES 1-10

### (Malicious Prosecution Claim Under 42 U.S.C. § 1983)

55. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

56. Defendants, acting in concert and within the scope of their employment and authority, caused plaintiff to be prosecuted with malice and without probable cause – a prosecution that terminated in plaintiff's favor – in violation of plaintiff's right to be free from unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS LAGRANDIER, YNOA, SIMON, AND DOES 1-10

### (Malicious Abuse of Process Claim Under 42 U.S.C. § 1983)

57. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

58. Defendants, acting in concert and within the scope of their employment and authority, employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process. Such collateral objective included, but was not limited to, covering up defendants' illegal actions in knowingly arresting plaintiff without any legal basis, justification, or probable cause.

59. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and that by virtue of the aforementioned acts, plaintiff was deprived of his rights, privileges and immunities secured by the Constitution of the United States, including his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable or unlawful searches and seizures and to due process of law.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS LAGRANDIER, YNOA, SIMON, AND DOES 1-10

**(Failure-to-Intervene Claim Under 42 U.S.C. § 1983)**

60. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

61. Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having had a realistic opportunity to do so, in violation of plaintiff's right under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT CITY

**(Municipal Liability "Monell" Claim under 42 U.S.C. § 1983)**

62. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

63. The individual defendants, singly and collectively, while acting within the scope of their employment and authority and under color of state law, engaged in conduct that

FIRST AMENDED COMPLAINT - 9

constituted customs, policies, practices, procedures, rules, or usages of the NYPD and their specific precinct(s) forbidden by the Constitution of the United States.

64. The foregoing customs, policies, practices, procedures, rules, and usages include, but are not limited to, making arrests without probable cause, subjecting individuals to excessive force, and committing perjury.

65. The abuse to which plaintiff was subjected was consistent with an institutionalized practice of the NYPD, which was known to and ratified by defendant CITY.

66. Despite knowledge of these institutionalized practices, defendant CITY has at no time taken any effective action to prevent NYPD personnel from continuing to engage in this type of misconduct.

67. Defendant CITY had prior notice of the vicious propensities of defendants LAGRANDIER, YNOA, SIMON, and DOES 1-10, but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority.

68. The failure of defendant CITY to properly train defendants LAGRANDIER, YNOA, SIMON, and DOES 1-10 included the failure to instruct them in applicable provisions of the State Penal Law of the State of New York, federal and state constitutional limitations, and the proper and prudent use of force.

69. Defendant CITY authorized, tolerated as institutionalized practices, and ratified the misconduct detailed above by, among other things:

    a. Failing to properly discipline, train, restrict, and control employees, including defendants LAGRANDIER, YNOA, SIMON, and DOES 1-10,

FIRST AMENDED COMPLAINT - 10

        known to be irresponsible in their dealings with citizens of the community;

  b. Failing to take adequate precautions in the training, hiring, promotion, and retention of police personnel, including specifically defendants LAGRANDIER, YNOA, SIMON, and DOES 1-10.

  c. Failing to forward to the office of the District Attorney of Kings County evidence of criminal acts committed by police personnel;

  d. Failing to establish or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to these types of complaints with bureaucratic power and official denials calculated to mislead the public.

  e. That the failure to supervise and/or train by defendant CITY of defendants LAGRANDIER, YNOA, SIMON, and DOES 1-10 rose to the level of deliberate indifference to the consequences of its actions, and indifference to plaintiff's rights, privileges and immunities secured by the Constitution of the United States of America, <u>inter alia</u>, plaintiff's Fourth and Fourteenth Amendment rights.

70. The NYPD has inadequately screened, hired, retained, trained, and supervised its employees, including the individual defendants herein, to respect the constitutional rights of those individuals with whom NYPD police officers come in contact.

71. The foregoing customs, policies, practices, procedures, rules, and usages constituted deliberate indifference to plaintiff's safety, well-being, and constitutional rights.

FIRST AMENDED COMPLAINT - 11

72. The foregoing customs, policies, practices, procedures, rules, or usages were the direct and proximate cause of the constitutional violations suffered by plaintiff.

73. The foregoing customs, policies, practices, procedures, rules, or usages were the moving force behind the constitutional violations suffered by plaintiff.

## Supplemental State Law Claims

74. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

75. Within ninety (90) days after the claims herein arose, plaintiff duly served upon, presented to, and filed with defendant CITY OF NEW YORK a Notice of Claim setting forth all facts and information required under New York General Municipal Law § 50-e.

76. More than thirty (30) days have elapsed since the presentation of plaintiff's claims to defendant CITY. And defendant CITY has wholly neglected or refused to make an adjustment or payment thereof.

77. This action was commenced within one (1) year and ninety (90) days after the claims accrued.

78. Plaintiff has complied with all conditions precedent to maintaining the instant action.

79. That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

FIRST AMENDED COMPLAINT - 12

**SIXTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**

**(False Arrest/Imprisonment Claim Under New York Law)**

80. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

81. Defendants, acting in concert and within the scope of their employment and authority, arrested and caused plaintiff to be imprisoned without probable cause to believe that plaintiff had committed any crime or offense, and without any warrant or authority to do so.

82. Defendant CITY is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

**SEVENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**

**(Assault Claim Under New York Law)**

83. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

84. Defendants, acting in concert and within the scope of their employment and authority, placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

85. Defendant CITY is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

**EIGHTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**

**(Battery Claim Under New York Law)**

86. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

FIRST AMENDED COMPLAINT - 13

87. Defendants, acting in concert and within the scope of their employment and authority, made offensive contact with plaintiff without privilege or consent.

88. Defendant CITY is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

## NINTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

### (Malicious Prosecution Claim Under New York Law)

89. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

90. Defendants, acting in concert and within the scope of their employment and authority, caused plaintiff to be prosecuted with malice and without probable cause – a prosecution that terminated in plaintiff's favor.

91. Defendant CITY is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

## TENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

### (Abuse of Process Claim Under New York Law)

92. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

93. Defendants, acting in concert and within the scope of their employment and authority, employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate

FIRST AMENDED COMPLAINT - 14

ends of the process. Such collateral objective included, but was not limited to, covering up defendants' illegal actions in knowingly arresting plaintiff without any legal basis, justification, or probable cause.

94. Defendant CITY is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of <u>respondeat</u> <u>superior</u>.

## ELEVENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

**(Violation Of Plaintiff's Rights Under The New York State Constitution)**

95. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

96. Defendants, acting in concert and within the scope of their employment and authority, retaliated against plaintiff for protesting police misconduct, in violation of plaintiff's right to freedom of speech under Article I, Section 8 of the New York State Constitution.

97. Defendants, acting in concert and within the scope of their employment and authority, violated plaintiff's right to be free of unreasonable and unlawful searches and seizures under Article I, § 12 of the New York State Constitution.

98. Defendants, acting in concert and within the scope of their employment and authority, consciously disregarded known and excessive risks to plaintiff's liberty and welfare and engaged in a deliberate and unjustified effort to manufacture guilt against plaintiff in furtherance of a plan to secure and sustain an unjust conviction against her.

99. Upon information and belief, this included a course of conduct and pattern of behavior whereby defendants, <u>inter alia</u>, created and fabricated evidence to create the appearance of probable cause to believe that plaintiff had committed one or more offenses,

intentionally and maliciously concealed material exculpatory evidence, and unduly influenced the statements and testimony of witnesses by means of threats, coercion, violence, or deceit.

100. That by virtue of the aforementioned acts, defendants deprived plaintiff of his liberty and property without due process of law, in contravention of Article I, § 6 of the New York State Constitution.

101. Defendant CITY is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

## TWELFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Intentional Infliction Of Emotional Distress)

102. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

103. Defendants, acting in concert and within the scope of their employment and authority, engaged in the aforesaid conduct which was extreme, outrageous, shocking and which exceeded all reasonable bounds of decency.

104. Defendants' extreme and outrageous conduct was intended to cause and did cause severe emotional distress to plaintiff.

105. Defendant CITY is liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants and/or employees, under the doctrine of respondeat superior.

## THIRTEENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Negligent Infliction Of Emotional Distress)

106. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

FIRST AMENDED COMPLAINT - 16

107. Defendants, acting in concert and within the scope of their employment and authority, engaged in the aforesaid conduct in a manner that was careless and negligent as to the emotional health of plaintiff.

108. Defendant CITY is liable for the damages suffered by the plaintiff as a result of the conduct of its agents, servants and/or employees, under the doctrine of respondeat superior.

## FOURTEENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

### (Negligence / Gross Negligence)

109. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

110. That the aforesaid incident and resulting injuries to plaintiff were due to the negligence and/or gross negligence of defendants, and each of them, in the manner in which they performed their duties as officers of the NYPD; in failing to exercise reasonable care in connection with the performance of their duties; in failing adequately to evaluate the situation confronting them; and in otherwise being negligent and/or grossly negligent.

111. That the aforementioned incident and injuries to plaintiff were caused solely and wholly by reason of the recklessness, carelessness, and negligence and/or gross negligence of defendants herein and without any negligence on the part of plaintiff contributing thereto.

112. Defendant CITY is liable for the damages suffered by the plaintiff as a result of the conduct of its agents, servants and/or employees, under the doctrine of respondeat superior.

FIRST AMENDED COMPLAINT - 17

## FIFTEENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

**(Negligent Screening, Hiring, Supervision, And Retention Claim Under New York Law)**

113. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

114. Defendants failed to use reasonable care in the screening, hiring, supervision, and retention of the NYPD employees who participated in the above unlawful conduct.

115. Defendant CITY is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of <u>respondeat superior</u>.

## SIXTEENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

**(Negligent Training Claim Under New York Law)**

116. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

117. Defendants failed to use reasonable care in the training of the NYPD employees who participated in the above unlawful conduct.

118. Defendant CITY is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of <u>respondeat superior</u>.

\*   \*   \*

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all the defendants:

    a.    Compensatory damages in an amount to be determined at trial;

    b.    Punitive damages in an amount to be determined at trial;

    c.    Attorney's fees pursuant to 42 U.S.C. § 1988;

    d.    An award of plaintiff's costs of suit;

    e.    Pre-judgment and post-judgment interest;

    f.    Such other relief as this Court deems just and proper.

Dated: New York, New York
       September 11, 2015

Respectfully submitted,

BENNO & ASSOCIATES P.C.

By: _____
    Ameer Benno [AB-1130]
    30 Wall Street, 8th Floor
    New York, NY 10005
    Tel.: (212) 227-9300
    abenno@ameerbenno.com

*Attorneys for Plaintiff*

FIRST AMENDED COMPLAINT - 19